# CIRCUIT COURT OF BALTIMORE CITY.

Filed February 8, 1916.

JOSEPH FENSTERWALD
VS.
SELMA R. BURK.

*Samuel Want* for complainant.
*Edward H. Hammond* for defendant.

DAWKINS, J.—

The demurrer in this case presents a rather unusual question and yet one that seems to me comparatively simple and free from difficulty, both as to the legal and moral solution.

The bill asks the Court to declare the marriage of the defendant and one Charles Burk, deceased, "absolutely null and void." The bill declares that Charles Burk, a man of 70 years of age, in full health, had made a will in January, 1913, making certain dispositions of his property. At the same time the stenographer of the firm of which the deceased was a member learned to know of his condition and acquired a great influence over him. Possessing such knowledge and influence, she conceived the idea of marrying, although the relationship of uncle and niece existed between them. That she, the defendant, prevailed upon the deceased to go to Newport, Rhode Island, and get married. That they returned to Baltimore and lived together as man and wife until the death of Charles Burk on the 17th day of October, 1913. That by virtue of a will made subsequent to the will of January, 1913, and of the defendant's legal status, as widow, the relatives of Charles Burk will be deprived of their property rights in his estate.

The bill charges that the marriage was solemnized in Rhode Island simply to evade the Maryland law and is, therefore, null and void, and also charges that whilst the laws of Rhode Island prohibit the marriage of an uncle and niece, yet that members of the Jewish faith (of which faith this uncle and niece were members) are excepted from the operation of this law.

Whilst admitting this exception, the plaintiff says that such an exception is null and void both under the Constitution of the State of Rhode Island and under the Constitution of the United States, because the religion of a person "shall in no wise diminish, enlarge or affect his civil capacity."

I want to commend the counsel for the plaintiff for his learned and able brief and argument, showing such painstaking and exhaustive research.

There has been considerable discussion as to whether or not courts of equity have jurisdiction to hear and determine questions affecting the marriage relations and the validity of the same. I am satisfied that as between the parties there can be no question about this, so it would seem unneces-

sary to discuss this phase of the question. I believe with proper parties and a bill properly framed that the jurisdiction of this Court is undoubted.

If this marriage be null and void *absolutely*, there is nothing for the Court to do. If it be voidable, it can only be attacked in the lifetime of the parties. These people lived together as man and wife without question. The policy of the courts must be not to bastardize children, which would be the effect of vacating a marriage such as this, if there were children.

It is certainly not in the province of this Court to pass upon the constitutionality of the laws of the State of Rhode Island.

The bill admits that the parties were legally married in Rhode Island, if the exception permitting it be constitutional. The contract of marriage should be upheld if possible to do it. A marriage if valid where entered into should be valid elsewhere.

The principle that a marriage illegal from any cause (Harrison vs. State of Md. 22 Md. 468) is binding upon both parties, unless during the life of both a suit to vacate the same is brought by one or the other, must be sound in law and morals. An examination of the cases cited do not seem to present one that takes a different view upon a state of facts such as we have in this case. No case that I have examined passes upon the question so clearly and well as does that of Harrison vs. State of Maryland, 22 Md. 468. Any change in the law since that case does not alter the principle. We have no right to assume that this plaintiff, nephew, has any proprietary right, because under the will referred to in the bill he does not seem to be mentioned, but even if he has such a right, I do not think he has any standing to maintain this suit.

The principle that controls here is tersely stated in Ridgeley vs. Ridgeley, 79 Md. 298, as follows: "No third person can institute such a proceeding," referring to a third person attempting to vacate a divorce granted in another State.

I, therefore, do not think that this marriage can be attacked by a third party, now that one of the contracting parties is dead. Nor do I believe that "a stepping across the border" for the purpose of evading the local law can be availed of even if true at this time, to vacate this marriage. Nor that the violating of the Constitution of Rhode Island can be considered by this Court, for we should give full faith and credit to that instrument. Nor that the exemption is so indefinite in form or difficult of interpretation as to justify this Court considering it upon the complaint of a person not a party to the marriage.

For the reasons given the demurrer will be sustained.